**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CORNELL BOOSE,**

        **Plaintiff,**

 vs.              **9:14-cv-518
                  (MAD/DEP)**

**CLAUDE SCHNEIDER,**

        **Defendant.**
_____

**APPEARANCES:**          **OF COUNSEL:**

**CORNELL BOOSE
12-A-3355**
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK**     **JOHN F. MOORE, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Magistrate Judge Peebles' February 19, 2016 Report and Recommendation, to which Plaintiff has filed timely objections. *See* Dkt. Nos. 31, 32.

### II. BACKGROUND

In a complaint dated May 5, 2014, Plaintiff alleged that three individuals employed by the New York State Department of Corrections and Community Supervision violated his civil rights during his incarceration at the Clinton Correctional Facility. *See* Dkt. No. 1. On November 3,

2014, this Court issued a Decision and Order finding that only Plaintiff's procedural due process claim asserted against Defendant Claude Schneider ("Defendant") survived *sua sponte* review under 28 U.S.C. § 1915A. *See* Dkt. No. 11.

Generally, the complaint alleges that several of Defendant's actions in connection to a prison disciplinary hearing violated Plaintiff's due process rights. *See* Dkt. No. 31 at 3-4. The disciplinary hearing concerned an incident in which Plaintiff was issued a misbehavior report for allegedly lighting a fire in the cube of a fellow inmate, identified as Vandiver.[1] *See id.* at 3. Plaintiff contends that Defendant's actions during the disciplinary hearing violated his due process rights for three separate reasons: (1) Defendant was biased, (2) Plaintiff should have been permitted to call inmate Vandiver and Corrections Officer ("C.O.") Herbst, who was on duty the night of the incident, as witnesses during the hearing, and (3) Defendant improperly withheld evidence from Plaintiff during his investigation to prepare for his hearing. *See id.* at 7.

On August 24, 2015, Defendant filed a motion for summary judgment seeking to dismiss Plaintiff's remaining cause of action. *See* Dkt. No. 24. In a February 19, 2016 Report and Recommendation, Magistrate Judge Peebles recommended that the Court grant Defendant's motion. *See* Dkt. No. 31. Specifically, Magistrate Judge Peebles found that "no reasonable factfinder could conclude that [Defendant] (1) was biased, (2) improperly refused to provide certain documentary evidence to plaintiff, or (3) improperly denied plaintiff's request to call two witnesses." *Id.* at 21-22.

Plaintiff filed objections to this Report and Recommendation on February 29, 2016. *See* Dkt. No. 32. Plaintiff's objections raise two issues; first that Defendant was biased and made a

---

[1] The Court assumes the parties' familiarity with the expanded factual background of this case contained in Magistrate Judge Peebles' February 19, 2016 Report and Recommendation.

2

prejudged decision at the disciplinary hearing, such that "Plaintiff was thus denied a fair chance to prevail at the disciplinary hearing." *Id.* at 2. Second, Plaintiff contends that Defendant failed to provide an adequate explanation as to why he did not allow C.O. Herbst to testify as a witness. *Id.* at 3. Plaintiff also generally restates the summary judgment standard and re-argues the same points raised in the other objections and in his opposition to Defendant's motion for summary judgment. *Id.* at 4-5.

### III. DISCUSSION

**A.      Standard of Review**

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.      Report and Recommendation**

Plaintiff's first objection, that Defendant was biased and prejudged his decision in the disciplinary proceeding, is generally a restatement of the arguments made in opposition to summary judgment. Plaintiff's second objection, that Defendant did not provide a sufficient explanation as to why Plaintiff was not allowed to interview C.O. Herbst or call him as a witness,

3

liberally construed, presents a specific objection that Magistrate Judge Peebles failed to sufficiently address all aspects of Defendant's denial of Plaintiff's request to interview or call an eyewitness. *See* Dkt. No. 32 at 3-4. Thus, the Court will review this last portion of Magistrate Judge Peebles' Report and Recommendation *de novo*, while reviewing the rest for clear error.

To prevail on a section 1983 due process claim arising out of a disciplinary hearing, an inmate plaintiff must show that he both (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process. *See Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000). Initially, Magistrate Judge Peebles correctly determined that Plaintiff possessed an actual liberty interest in this case because he demonstrated "(1) that the state actually created a protected liberty interest in being free from segregation and (2) the segregation would impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Dkt. No. 31 at 11 (quoting *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). Magistrate Judge Peebles identified that New York State's regulatory scheme has created a liberty interest in an inmate remaining free from increased disciplinary confinement, *see LaBounty v. Coombe*, No. 95 CIV 2617, 2011 WL 1658245, *6 (S.D.N.Y. Dec. 26, 2001), and that restrictive confinement for a period of more than 305 days may rise to the level of an atypical hardship, *see Colon v. Howard*, 215 F.3d 227, 230-31 (2d Cir. 2000). As Plaintiff was confined within New York State and penalized by nearly a year of solitary confinement in the special housing unit ("SHU"), *see* Dkt. No. 24-5 at 55, Magistrate Judge Peebles correctly determined that Plaintiff possessed a liberty interest in a disciplinary hearing for purposes of his due process claim. *See* Dkt. No. 31 at 13-14.

Next, Magistrate Judge Peebles considered each of the three bases that Plaintiff alleged constituted a violation of his due process rights. Regarding Plaintiff's allegations of Defendant's

4

bias, Magistrate Judge Peebles found that, despite Defendant's decision to "not permit [P]laintiff access to certain documents or allow him to call certain witnesses, there is no record evidence to suggest that he did so out of bias towards [P]laintiff." *Id.* at 17. Rather, Defendant provided reasonable explanations for each of the allegedly biased decisions that he made, i.e. that the documentary evidence contained sensitive personal information, that releasing the identity of confidential informants would jeopardize the safety of the facility, and that C.O. Herbst's and inmate Vandiver's testimony would be irrelevant or redundant to reports in the record or the testimony of other witnesses. *Id.* (citing Dkt. No. 24-4 at 42-43, 58-60). To succeed on a claim that a hearing officer was biased and prejudged decisions on an inmate's violation hearings, a plaintiff must provide "more than conclusory allegations of bias and prejudgment" to defeat a well supported motion for summary judgment. *Francis v. Coughlin*, 891 F.2d 43, 47 (2d Cir. 1989). In light of Plaintiff's lack of evidence supporting his bias claim, coupled with Defendant's reasonable explanations for each of his decisions, Magistrate Judge Peebles' conclusion that there was no dispute of material fact concerning Defendant's bias was not clearly erroneous. *See* Dkt. No. 31 at 17.

Magistrate Judge Peebles next addressed whether Defendant's denial of Plaintiff's request to view the unredacted unusual incident report, the victim's medical records, and the confidential informants' statements violated Plaintiff's due process rights. *See id.* at 17-19. While an inmate is entitled to be "'confronted with the accusations [and] informed of the evidence against him[,]'" a hearing officer may deny the inmate access to certain evidence so long as the record reflects "*some* explanation of the basis for a hearing officer's denial of the inmate's request for certain witnesses or items of evidence." *Loret v. Selsky*, 595 F. Supp. 2d 231, 234 (W.D.N.Y. 2009) (quotation omitted). Here, Magistrate Judge Peebles highlighted Defendant's explanations for

5

why Plaintiff was not allowed access to each of these pieces of evidence. *See* Dkt. No. 31 at 18. Specifically, the redacted portions of the unusual incident report contained medical information protected by HIPAA or information that could expose the identity of the confidential informants and inmate Vandiver's medical records were confidentially protected under HIPAA. *See id.* (citing Dkt. No. 24-4 at 33, 37, 42-45). Thus, Magistrate Judge Peebles correctly concluded that Defendant provided a reasonable and sufficient explanation as to why Plaintiff was not allowed access to all of the documentary evidence that he requested for his hearing, such that the denial did not violate Plaintiff's due process rights. *See id.* at 19.

Lastly, the Report and Recommendation discusses the issue of Defendant's denial of Plaintiff's request to call inmate Vandiver and C.O. Herbst as witnesses at the disciplinary hearing. *See id.* at 19-21. Plaintiff sought the testimony of Vandiver to prove that he had not accused Plaintiff of setting the fire. *See id.* at 20. Defendant refused to allow Vandiver to be called as a witness, but did allow Plaintiff to review and read Vandiver's statement into the record, which indicated that he did not know who set his bed on fire. *Id.* Thus, Plaintiff was able to get the same evidence out of Vandiver's written statement that would have been gained by calling him as a witness during the hearing, i.e. that he did not specifically accuse Plaintiff of starting the fire. Defendant denied Vandiver as a witness because he determined that any potential testimony on this topic would be redundant to the written statement. *Id.* Thus, the exclusion of this witness' testimony was based on reasonable grounds and Magistrate Judge Peebles' correctly determined that this action did not violate Plaintiff's due process rights. *See id.* at 21.

Plaintiff submitted a specific objection to the issue of Defendant's denial of Plaintiff's request to interview or call C.O. Herbst as a witness, thus, the Court will review this section *de*

6

*novo*. *See* Dkt. No. 32 at 3. Plaintiff's objection asserts that Defendant's explanation of "I believe officer Herbst was not relevant or necessary for testimony" was not a sufficient explanation for why Plaintiff was denied the opportunity to call C.O. Herbst as a witness. *Id.* While an inmate "at a disciplinary hearing should be permitted to call witnesses and present documentary evidence in his defense[,]" *Fox v. Couglin*, 893 F.2d 475, 478 (2d Cir. 1990), "[d]isciplinary hearing officers . . . have the discretion to deny witnesses for valid reasons, including irrelevance, lack of necessity, and other factors particular to each case." *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 377 (N.D.N.Y. 2010) (Hurd, J., *adopting report & recommendation by* Lowe, M.J.) (citing *Wolff v. McDonnell*, 418 U.S. 539, 566-67 (1974)). A hearing officer who denies an inmate's request for a witness at a disciplinary hearing must provide "reasons [that] are logically related to preventing undue hazards to 'institutional safety or correctional goals'" for the basis of that decision. *Ponte v. Real*, 471 U.S. 491, 497 (1985).

In this case, Plaintiff initially requested C.O. Herbst's testimony as a character witness, *see* Dkt. No. 24-4 at 59, and later sought to question C.O. Herbst as to whether he witnessed anything on the night of the incident, *see* Dkt. No. 32 at 3. Defendant denied the initial request because C.O. Herbst's testimony as a character witness would be redundant because Plaintiff already had three such witnesses. *See* Dkt. No. 24-4 at 59; Dkt. No. 24-3 at 59. In denying Plaintiff's request to interview C.O. Herbst about the night of the incident, Defendant stated that Correction Sergeant Giambruno was the officer who conducted the investigation of the fire, including interviewing the confidential informants, and that C.O. Herbst played no role in this investigation. Dkt. No. 24-4 at 59. Moreover, Plaintiff was unable to provide any evidence that C.O. Herbst witnessed the incident or had any information concerning the testimony or identity of the confidential informants. *Id.*

Plaintiff cites *Fox v. Coughlin*, 893 F.2d 475 (2d Cir. 1990) and *Ayers v. Ryan*, 152 F.3d 77 (2d Cir. 1998) to support his argument that Defendant's explanation of why C.O. Herbst could not be called as a witness was insufficient and in violation of Plaintiff's due process rights. *See* Dkt. No. 32 at 3. In *Fox*, the Second Circuit held that a hearing officer's decision not to interview two officers requested by an inmate to be called as witnesses was a violation of the inmate's due process rights. *Fox*, 893 F.2d at 478. There, the inmate was physically restrained by three officers after getting into a physical altercation. *Id.* at 476. One of the officers completed a written report after the incident, which the other two "signed off" on. *Id.* At the inmate's disciplinary hearing, the hearing officer called the reporting officer as a witness but refused to call the remaining two officers, stating that their testimony would be "redundant" since they signed off on the report. *Id.* at 477. The Second Circuit held that this explanation was insufficient because the hearing officer had no way to know whether the remaining officer's testimony would be "redundant" since no one interviewed the officers to establish what their testimony would be, and the action of merely signing off on the written report could not prove how the officers would ultimately testify regarding the incident. *Id.* at 478.

Defendant's explanation in this case as to why C.O. Herbst was not called as a witness is significantly more compelling than that in *Fox*. Here, there is no indication that C.O. Herbst witnessed the incident giving rise to Plaintiff's hearing, whereas in *Fox* the uncalled officers were direct participants in the inmate's altercation. Moreover, C.O. Herbst took no part in the investigation or interviewing of witnesses in this case, whereas the officers in *Fox* actively engaged in the investigation and signed off on the written report. Significantly, the inmate misbehavior report in this case was completed by Sergeant Giambruno and makes no mention of C.O. Herbst being present or having any knowledge of the incident. *See* Dkt. No. 24-6 at 8.

The Second Circuit's decision in *Ayers* is even more distinguishable from the case at hand. There, the hearing officer stated that a requested witness was not called "as a result of an apparent oversight on [his] part" and that the officer was "not aware of whether [the witness] was available or if his testimony was relevant" due to his oversight. *Ayers*, 152 F.3d at 81. In this case, rather than being the product of oversight, Defendant deliberately decided to not call C.O. Herbst as a witness for the numerous reasons discussed herein. Accordingly, the Court finds that Defendant's rationale that C.O. Herbst's testimony was not relevant or necessary was appropriate given the circumstances of this case and, thus, was a reasonably-supported decision. *See Ponte v. Real*, 471 U.S. 491, 499 (1985) (noting that the burden is upon the hearing official to prove the rationality of his decision). Therefore, Defendant's denial of Plaintiff's request to call C.O. Herbst as a witness at the disciplinary hearing was not a violation of Plaintiff's due process rights.

## IV. CONCLUSION

After carefully reviewing the parties' submissions, Magistrate Judge Peebles' February 19, 2016 Report and Recommendation and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' February 19, 2016 Report and Recommendation (Dkt. No. 31) is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 24) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 24, 2016
       Albany, New York

Mae A. D'Agostino
U.S. District Judge